**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 17-cv-01044-MSK-STV

MELINDA GRAVESTOCK,

     **Plaintiff,**

v.

TARPLEY TRUCK AND TRAILER INC. d/b/a TARPLY RV,

     **Defendant.**

---

### ORDER DENYING STIPULATED MOTION TO SEAL CASE FILE

---

**THIS MATTER** comes before the Court pursuant to the parties' Stipulated Motion to Seal Case File **(#22)**.

The Plaintiff in this case asserts claims for violation of Title VII of Civil Rights Act - hostile work environment, sexual harassment, and termination in retaliation for the Plaintiff's refusal to engage in a sexual relationship with her supervisor. Early in the case all claims were resolved in a confidential settlement agreement that is not of record.

The parties seek to "seal the case", in other words to restrict public access to all documents in the Court's file. They contend that the documents refer to "alleged conduct of a highly personal, sensitive, scandalous, and prurient nature", that the allegations are of socially repugnant behavior, that even if unproven, could "result in a cloud of impropriety", "diminish the public reputation and professional standing of the parties", and "have a substantially detrimental financial impact on the parties". In addition, they contend that the matter is like a divorce, in which the public has "no legitimate reason to desire the information" in the court

1

records.  "Due to the scant nature of the file", they further assert that there is no alternative means to sealing the entire case file that will protect their interests.

Having reviewed the file, it appears that the only document that arguably contains information that the parties characterize as "highly personal, sensitive" etc. is the Complaint (**#1**).  In it the Plaintiff alleges that her supervisor persuaded her to engage in sexual relations. Although she initially complied, when she later refused, he "began pressuring her by subjecting her to a continuous barrage of unwelcome and offensive comments about her appearance and her interactions with men." She complained to the Defendant's CEO, who refused to take any action against the supervisor. Instead, the Plaintiff's employment was terminated in retaliation for complaining about the supervisor's conduct.  The Complaint does not contain descriptive details of the sexual relations between the Plaintiff and her supervisor, nor does it quote specific inflammatory statements made by the supervisor about the Plaintiff.  Beyond the Complaint, the file contains documents that could prove embarrassing to the parties for different reasons.  For example, a related case brought by the Plaintiff against her supervisor in state court is identified at (**#17**) and a notice that the parties have settled their dispute is found at (**#20**).

There is a well-established common-law right of access to judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right is premised upon the idea that the public must retain the ability to evaluate a court's decision-making process and ensure that it is promoting justice by acting as a neutral arbitrator. *See United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997); *see also United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Accordingly, there is a strong presumption that documents filed in a lawsuit that are pertinent to a judicial determination should be freely available to the public. *Colony Ins. Co. v. Burke*, 68 F.2d 1222, 1242 (10th Cir. 2012).  Access to court filings may, however, be restricted if the

public's right of access is outweighed by interests favoring non-disclosure. *See McVeigh*, 119 F.3d at 811. A party seeking to restrict public access bears the burden to demonstrate compelling reasons justifying restriction. *See Eugene S. v. Horizon Blue Cross Blue Shield of NJ*, 663 Fl.3d 1124, 1135–36 (10th Cir. 2011); *see also McVeigh*, 119 F.3d at 814.

In this District, motions to restrict public access (whether unopposed or contested) are governed by D.C. Colo. L. Civ. R. 7.2. A party must file a motion that: (1) identifies the document for which restriction is sought; (2) addresses the interest to be protected and why such interest outweighs the presumption of public access; (3) identifies a clearly defined and serious injury that would result if access is not restricted; and (4) explains why no alternative to restriction will suffice. *See* D.C. Colo. L Civ R 7.2. The fact that the parties agree that public access should be restricted is of no import, as the right of access belongs to the public who, necessarily is not a party to such an agreement. *See* D.C. Colo. L. Civ. R. 7.2(c)(2).

The showing made by the parties to seal the entire case file is unpersuasive. First, the contention that the entire case file must be sealed when only the Complaint appears to contain the allegations that the parties consider sensitive is illogical and suggests that the true motivation for restricting access to the case is the combination of the allegations in the Complaint and the fact that the parties entered into a confidential settlement agreement. In essence, the parties seek to make their controversy disappear from public view.

Focusing on the Complaint, the Court understands that the allegations may be embarrassing to the Plaintiff, her supervisor, and the CEO of the Defendant. But the allegations are both general and typical of this type of action; they are neither more specific nor more graphic than necessary to state the claims. Indeed, the only marginally scandalous allegation in

the Complaint is that the Plaintiff and her supervisor engaged in sexual relations, but the generality of this allegation without detail or elaboration keeps it from being prurient.

In addition, the parties have not shown that they have a protectable privacy interest or that any injury is likely to occur if the file were not sealed. The Plaintiff knowingly made the information in the Complaint public in order to seek legal relief, and it is hard to understand the Defendant's privacy interest because it is an entity. The injury described is speculative.

Finally, the parties have not established that any right of privacy that they may have outweighs the public's presumptive right to (as compared to prurient interest in) the contents of court files. An agreement between the parties to keep a controversy or its settlement confidential is not sufficient to abrogate the public's right to know what happens in its courts. Although usually the public's right of access stems from its supervision of judicial decision making, it also extends to the identity of parties and the nature of their claims that will be resolved by public courts as well as the manner and the length of time it takes to do so.

For the foregoing reasons, the Stipulated Motion to Seal Case File (**#22**) is **DENIED**.

Dated this 31st day of October, 2017

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge